## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **TERESA G. BRANHAM, JODI E.** ) | |
| **BROWN, MINDY SURRETT, and** ) | |
| **KIM M. ALMANZA,** ) | |
|  ) | |
|   **Plaintiffs,** ) | |
|  ) | |
| v.  ) | **Case No.: 1:12-CV-2617-VEH** |
|  ) | |
| **YBE OXFORD, LLC d/b/a** ) | |
| **GOLDEN CORRAL BUFFET &** ) | |
| **GRILL; RODNEY ROBERSON and** ) | |
| **ALICIA FLETCHER, Individually,** ) | |
|  ) | |
|   **Defendants.** ) | |

## MEMORANDUM OPINION
## AND ORDER SEVERING LAWSUIT

**I.   Introduction**

Plaintiffs initiated this job discrimination lawsuit on August 2, 2012. (Doc. 1). After reviewing the complaint preliminarily, the court entered an order on September 4, 2012, directing Plaintiffs to show cause why the court should not sever their claims into discrete actions due to their uniqueness.  (Doc. 7); *see also* Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.").   Plaintiffs responded on September 24, 2012, indicating that all the claims asserted in this case are properly joined and should continue to proceed together.  (Doc. 9).

After Defendants had answered the complaint, the court entered an order (Doc. 17) requiring them to respond to the severance issue. Defendants did so on December 23, 2012, indicating that "[s]everance is appropriate here because Plaintiffs' claims arise out of separate sets of facts and involve distinct and unrelated causes of action." (Doc. 20 at 2). Defendants also maintain that severance would promote judicial economy. (*Id.*).

## II. Standards

Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. <u>The court may also sever any claim against a party</u>.

Fed. R. Civ. P. 21 (emphasis added).

Severance under Rule 21 is directly related to permissive joinder of parties under Rule 20. As Rule 20 pertains to joining plaintiffs in pertinent part:

> (a) Persons Who May Join or Be Joined.
>
> > (1) Plaintiffs.  Persons may join in one action as plaintiffs if:
> >
> > > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>    (B) any question of law or fact common to all
>    plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a).

A district court's decision to allow joinder or order severance is a discretionary one. *See, e.g., Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973) ("The district judge acted <u>within his discretion</u> in allowing the joinder under Rule 20(a), as well as denying the motion for severance under Rule 20(b).") (emphasis added);[1] *see also Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1322 (11th Cir. 2000) ("We review a district court's joinder of Plaintiffs' claims and denial of severance for abuse of discretion.") (citing *Nor-Tex Agencies*, 482 F.2d at 1100), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 (11th Cir. 2003).

## III.   Ruling

Having studied both sides' positions, the court agrees with Defendants that Plaintiffs' claims lack the caliber of commonality which makes joinder of them sensible. Instead, Plaintiffs' claims arise out of varying transactions and occurrences involving different alleged wrongdoers during disconnected periods of time.

Also, the range of claims asserted in the complaint is broad and includes

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

several which are asserted by only one plaintiff: Title VII race discrimination, Title VII retaliation arising under Title VII, FLSA overtime compensation (*i.e.*, Plaintiff Teresa Branham only); Title VII sexual harassment (*i.e.*, Plaintiff Jodi Brown only); Title VII religious discrimination (*i.e.*, Plaintiff Mindy Surrett only). (Doc. 20 at 5-6); (*see also* Doc. 1 at 18-32 (section entitled "**STATEMENT OF CLAIMS**")).

> Based upon controlling law applicable within the Eleventh Circuit:
>
> A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) <u>a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences</u>, and 2) <u>some question of law or fact common to all persons seeking to be joined</u>. *See* Fed. R. Civ. P. 20(a). Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). The Federal Rules, however, also recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. *See* Fed. R. Civ. P. 42(b); *Grayson*, 79 F.3d at 1097. The Supreme Court has instructed the lower courts to employ <u>a liberal approach to permissive joinder of claims and parties in the interest of judicial economy</u>: "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is <u>strongly encouraged</u>." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1137, 16 L. Ed. 2d 218 (1966).

*Alexander*, 207 F.3d at 1322-23 (emphasis added).

Regarding the first requirement, the *Alexander* court explained:

> In determining what constitutes a transaction or occurrence for the

purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims. *See Mosley*, 497 F.2d at 1333. For the purposes of Rule 13(a), " '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S. Ct. 367, 371, 70 L. Ed. 750 (1926) (interpreting the compulsory counterclaim provision of former Equity Rule 30). Accordingly, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley*, 497 F.2d at 1333. Several courts have concluded that allegations of a "pattern or practice" of discrimination may describe such logically related events and satisfy the same transaction requirement. In *Mosley*, perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20, *see* 4 Lex K. Larson, *Employment Discrimination*, § 78.05, at 28-29 (2d ed.1994), ten black plaintiffs alleged that General Motors had a general policy of discrimination against black employees. The trial court had ordered the severance of the claims, concluding that the allegations presented a variety of issues and had little relationship to one another. Mosley, 497 F.2d at 1332. The Eighth Circuit reversed the trial court's order to sever plaintiffs' claims, concluding that, based on its reading of Rule 20, the General Motors policy "purportedly designed to discriminate against blacks in employment ... [arose] out of the same series of transactions and occurrences." *Id.* at 1334. The court held that "[s]ince a 'state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote' was determined to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment ... arises out of the same series of transactions or occurrences" *Id.* at 1333-34 (quoting *United States v. Mississippi*, 380 U.S. 128, 142, 85 S. Ct. 808, 815-16, 13 L. Ed. 2d 717 (1965)). *See also Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1422 (S.D.N.Y.1989) ( "A company-wide policy purportedly designed to discriminate against females in employment arises out of the same series of transactions or occurrences."); *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6 (E.D. Pa.1979) (noting that allegations of

a "pervasive policy of discrimination" by the employer bring the "complaints of individual Plaintiffs under the rubric of the 'same series of transactions' "); *Vulcan Soc'y of Westchester Cty. v. City of White Plains Fire Department*, 82 F.R.D. 379, 387 (S.D.N.Y.1979) (stating that transaction requirement met where Plaintiffs and would-be Plaintiffs <u>claimed discriminatory policies and practices</u> which included a series of exams allegedly used to discriminate against blacks).

*Alexander*, 207 F.3d at 1323-24 (emphasis added).

As the *Alexander* court clarified the scope of the second joinder requirement:

<u>The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that some question of law or fact be common to all parties</u>. *See Mosley*, 497 F.2d at 1334. Several courts have found that the question of the discriminatory character of Defendants' conduct can satisfy the commonality requirement of Rule 20. *See Mosley*, 497 F.2d at 1334 (finding that whether the threat of a racially discriminatory policy hangs over a racial class is a question of fact common to all the members of the class); *Blesedell*, 708 F. Supp. at 1422 (noting that "[i]n employment discrimination cases under Title VII, courts have found that the discriminatory character of a defendant's conduct is common to each plaintiff's recovery"); *cf. Grayson*, 79 F.3d at 1095-96 (suggesting that "a unified policy, plan, or scheme of discrimination" can satisfy Rule 20's commonality requirement).

On the other hand, <u>the prejudicial effects of other witnesses' alleged discriminatory experiences may outweigh their probative value where, for example, the alleged discrimination occurs during different time periods</u>, *see, e.g., Annis v. County of Westchester*, 136 F.3d 239, 247 (2d Cir. 1998); *Williams v. The Nashville Network*, 132 F.3d 1123, 1130 (6th Cir.1997), <u>different supervisors make the challenged decisions</u>, *see, e.g., Annis*, 136 F.3d at 246-47; *Williams*, 132 F.3d at 1130; *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1221 (5th Cir. 1995), or the alleged discrimination happens at geographically removed places, *see, e.g., Williams*, 132 F.3d at 1130; *Mooney*, 54 F.3d at 1221.

None of these concerns is presented here.

*Alexander*, 207 F.3d at 1324 (emphasis by underlining added).

In upholding the district court's decision permitting joinder under Rule 20, the *Alexander* court summarized:

> In this case, the district court did not abuse its discretion in finding that the Plaintiffs satisfied both requirements for joinder. As for the first requirement, all of the Plaintiffs' claims stem from the same core allegation that they were subject to a systemic pattern or practice of race-based discrimination against white law enforcement officers by Sheriff Barrett in her first year in office. <u>Plaintiffs all seek relief based on the same series of discriminatory transactions by the same decision-maker in the same department during the same short time frame</u>. <u>As for the second requirement, the discriminatory character of Defendants' conduct is plainly common to each plaintiff's recovery</u>. The fact that the Plaintiffs suffered different effects-in this case, discrimination in promotions, transfers, assignments, or discipline-from the alleged policy of discrimination did not preclude the trial court from finding a common question of law and fact. *See Mosley*, 497 F.2d at 1334; *Blesedell*, 708 F. Supp. at 1422.

*Alexander*, 207 F.3d at 1324 (emphasis added).

Against this backdrop, the court finds that, in sharp contrast to the underlying record analyzed in *Alexander*, this case presents a wide variety of claims, factual patterns, time periods, and key witnesses. Further, even if the court assumes that the first joinder prong is satisfied, the second one is undoubtedly not due to the probative value being outweighed by the prejudicial impact of other witnesses' alleged discriminatory (and unrelated) experiences on each of the plaintiff's respective set of

7

claims.  *Cf. Alexander*, 207 F.3d at 1324 ("None of these concerns is presented here.").

Accordingly, the clerk is **HEREBY DIRECTED** to sever this lawsuit into three new cases for Plaintiffs Jodi Brown, Mindy Surrett, and Kim Almanza, respectively, and Plaintiff Teresa Branham should remain as the sole plaintiff in this action.  The parties are still permitted to conduct discovery in a collective manner when appropriate and if so stipulated by both sides.  Finally, the three new cases as well as this action shall all be assigned to the undersigned.

**DONE** and **ORDERED** this the 4th day of January, 2013.

                                                                        /s/ VEHopkins
                                                                        **VIRGINIA EMERSON HOPKINS**
                                                                        United States District Judge